**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

| | |
|---|---|
| TRANSGENDER AMERICAN VETERANS ASSOCIATION,<br><br>*Petitioner.*<br><br>v.<br><br>DENIS MCDONOUGH,<br><br>*Secretary of Veterans Affairs, Respondent.* | No. 24-1714<br><br>September 19, 2024 |

**PETITIONER'S UNOPPOSED MOTION FOR LEAVE FOR LAW STUDENT INTERNS TO APPEAR**

**Michael J. Wishnie**
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Org.
Yale Law School
P.O. Box 209090
New Haven, CT 06520-9090
Tel: (203) 432-4800
michael.wishnie@ylsclinics.org

*Counsel for Petitioner*

## CERTIFICATE OF INTEREST

Counsel for Petitioner certifies the following:

1. The full name of every party or amicus represented by me is: Transgender American Veterans Association.
2. All parent corporations and any publicly held corporations that own 10 percent or more of the stock of the party or amicus curiae represented by me are: None.
3. The names of all law firms and the partners or associates that are expected to appear for the party represented by me are: Jack Baisley, Natalie Geismar and Romina Lilollari, Law Student Interns, Jerome N. Frank Legal Services Organization, Yale Law School.
4. The following information is required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees): N/A.

Dated: September 19, 2024

Respectfully submitted,

/s/ Michael J. Wishnie

Michael J. Wishnie
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Org.
Yale Law School
P.O. Box 209090
New Haven, CT 06520-9090
Tel: (203) 432-4800
michael.wishnie@ylsclinics.org
*Counsel for Petitioner*

## UNOPPOSED MOTION FOR LEAVE FOR LAW STUDENT INTERNS TO APPEAR

Petitioner Transgender American Veterans Association ("TAVA") respectfully requests leave for law student interns Natalie Geismar and Romina Lilollari, presently enrolled in the Veterans Legal Services Clinic at Yale Law School ("VLSC"), to appear under the supervision of Michael J. Wishnie. Counsel for Respondent has indicated the Secretary is unopposed to this Motion.

## DISCUSSION

### I. This Court Has Allowed Law Students to Appear Under Supervision of Clinical Faculty in This and Other Cases.

In May 2024, this Court granted leave to allow law student interns enrolled in VLSC to appear in this matter under the supervision of Michael J. Wishnie. Order Granting Motion for Leave for Law Student Interns to Appear, *Transgender Am. Veterans Ass'n v. Sec'y of Veterans Affs.*, No. 24-1714 (Fed. Cir. May 15, 2024), Dkt. No. 8. While that order was not precedential, it confirms that this Court allows qualified law students to appear under the supervision of an attorney. The Court should similarly permit the appearance of Law Student Interns Geismar and Lilollari.

Although this Court does not have a rule of practice that pertains to law student appearances, the Court should permit the Law Student Interns to appear in this case. This Court has afforded students enrolled in a clinical course at an accredited law school the opportunity to appear under the supervision of a clinical

faculty member in other cases before it. Order Granting Motion for Leave for Law Student Interns to Appear, *Skaar v. McDonough*, Nos. 2021-1757, 2021- 1812 (Fed. Cir. Dec. 21, 2022), Dkt. No. 102 (granting leave to appear by VLSC interns); Order Granting Motion for Leave for Law Student Interns to Appear, *Skaar v. McDonough*, Nos. 2021-1757, 2021- 1812 (Fed. Cir. Nov. 22, 2021), Dkt. No. 45 (same); Order Granting Motion for Leave for Law Student Interns to Appear and Granting Amici Motion for Leave to File an Addendum, *LaBonte v. United States*, No. 21- 1432 (Fed. Cir. Mar. 26, 2021), Dkt. No. 15 (same); Order Granting Motion for Leave for Law Student Interns to Appear, *Monk v. Wilkie*, No. 20-1305 (Fed. Cir. May 15, 2020), Dkt. No. 53 (same); Order Granting Motion for Leave for Law Student Interns to Appear, *Monk v. Shulkin*, No. 15-7092, (Fed. Cir. May 9, 2016), Dkt. No. 90 (same); Order Granting Motion to File Entry of Appearance of New Counsel, *Serv. Women's Action Network v. Sec'y of Veterans Affairs*, No. 2014-7115 (Fed. Cir. July 9, 2015), Dkt. No. 84 (same).

The Federal Circuit's rules of practice do not deny students enrolled in a clinical course at an accredited law school the opportunity to appear under the supervision of a clinical faculty member. *See* Fed. Cir. R. 47.3. Article I courts whose decisions are subject to review by this Court also permit students to appear on behalf of a party under the supervision of an attorney, *see, e.g.*, U.S. Vet. App. R. 46(b)(1)(G); R. Ct. Fed. Cl. 83.3, as do U.S. district courts adjudicating claims

subject to review in this Court. *See, e.g.*, Order Granting Motions for Leave for Law Student Intern to Appear, *Cowles v. McHugh*, 3:13-cv-01741 (D. Conn. Jan. 31, 2014), Dkt. No. 14 (VLSC students arguing Little Tucker Act claim).

## II. Nearly All Other U.S. Courts of Appeals Permit Law Student Appearances.

Permitting students to appear would also comport with the practice rules in nearly every other U.S. court of appeals, which allow law student interns enrolled in a clinical course to appear under the supervision of an attorney. *See* 1st Cir. R. 46.0(f); 2d Cir. L.R. 46.1(e); 3d Cir. L.A.R. 46.3; 4th Cir. L.R. 46(a); 6th Cir. R. 46(d); 7th Cir. R. 34(h); 8th Cir. L.R. 46B; 9th Cir. R. 46-4; 10th Cir. R. 46.7; 11th Cir. R. 46-11; D.C. Cir. R. 46(g); C.A.A.F. R. 13A. Even absent a specific practice rule, the Fifth Circuit—the only other U.S. court of appeals without an express student practice rule—has permitted student appearances. *See, e.g.*, Order Granting Unopposed Motion to Allow Law Student to Participate in Oral Argument, *Pena v. City of Rio Grande City*, 879 F.3d 613, No. 19-40217, (5th Cir. 2020).

The D.C. Circuit's student practice rules are typical of most circuits. Law students may appear on briefs or participate in oral argument provided that the relevant party has given its written consent and a supervising attorney has given written approval. D.C. Cir. R. 46(g)(1)–(2). Law students must be enrolled and in good standing in a clinical program at an accredited law school; certified by the school's Dean to be qualified to provide legal representation; have completed four

semesters of law school; and receive no compensation for their work by the party they represent. D.C. Cir. R. 46(g)(3)-(4). Supervising attorneys must be in good standing of the bar of the court, guide and assist students, and assume ultimate responsibility for student work. D.C. Cir. R. 46(g)(6).

Law Student Interns Geismar and Lilollari are students in good standing at Yale Law School, where they have enrolled for credit in the Veterans Legal Services Clinic. They have received written consent and approval from TAVA and Professor Wishnie to appear in the above-captioned matter. *See* Exhibits A–C. Law Student Interns Geismar and Lilollari have also received Yale Law School Dean Heather K. Gerken's certification. *See id.* Both have completed four semesters of law school.

Professor Wishnie, the supervising attorney, is an active member of the Federal Circuit bar and in good standing. He assumes all responsibility for student work and will be present at oral argument, should the Court schedule it in this matter.

In addition, the Law Student Interns satisfy the requirements for law student interns in Connecticut to appear in court. All have completed at least one semester of credit at Yale Law School and have been certified by their law school dean, Dean Heather K. Gerken. Conn. Practice Book § 3-16 (2018); Exhibits A–B.

### III. Petitioner Should Have the Opportunity to Choose Its Legal Representatives.

This Court should permit the Law Student Interns to appear in this case, as their appearance would reflect TAVA's choice of legal representation. The Supreme Court has recognized that litigants have a right to the legal representation of their choice. *See Powell v. State of Ala.*, 287 U.S. 45, 69 (1932). Generally, that right may be restricted only for a compelling reason, namely, to prevent obstruction of the orderly administration of justice. *See, e.g.*, *In re BellSouth Corp.*, 334 F.3d 941, 945 (11th Cir. 2003) (presumption that court will respect party's choice of counsel rebutted where the attorney was selected for "the sole or primary purpose of causing the recusal of the judge").

In this matter, there is no compelling reason to deny TAVA its choice of representatives. TAVA chose VLSC to represent it with the understanding that law student interns would be performing legal work on its behalf under the supervision of a supervising attorney. Law student interns have handled all aspects of this matter to date. TAVA consented to be represented by Law Student Interns before this Court, who are enrolled in law school in good standing and meet most circuit courts' requirements for student practice. *See* Exhibits A–C. As such, TAVA should be permitted to be represented by Law Student Interns as it has chosen.

## CONCLUSION

For the foregoing reasons, TAVA respectfully asks this Court to grant its

Unopposed Motion for Leave for Law Student Interns to Appear.

Dated: September 19, 2024

Respectfully submitted,

/s/ Michael J. Wishnie
Michael J. Wishnie
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Organization
Yale Law School
P.O. Box 209090
New Haven, CT 06520-9090
Tel: (203) 432-4800
michael.wishnie@ylsclinics.org

*Counsel for Petitioner*

## CERTIFICATE OF COMPLIANCE

1. This Motion complies with the type-volume limitation of Federal Rule of Appellate Procedure Rule 27(d). This Motion contains 1,442 words, excluding the parts exempted by Federal Appellate Procedure Rule 27(d)(2).
2. This Motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally - spaced typeface using Microsoft Word version 20.08 in 14-point Times New Roman.

Dated: September 19, 2024

/s/ Michael J. Wishnie
Michael J. Wishnie

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2024, Petitioner's foregoing Unopposed Motion for Leave for Law Student Interns to Appear was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

Date: September 19, 2024

Signature: /s/ Michael J. Wishnie
Michael J. Wishnie

# Exhibit A

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

| | |
|---|---|
| TRANSGENDER AMERICAN VETERANS ASSOCIATION,<br><br>*Petitioner.*<br><br>v.<br><br>DENIS MCDONOUGH,<br><br>*Secretary of Veterans Affairs, Respondent.* | No. 24-1714<br><br>September 19, 2024 |

## CERTIFICATION OF LAW STUDENT

I hereby certify that:

(a) I, Natalie Geismar, am enrolled in good standing at Yale Law School;

(b) I have completed four semesters of credit in legal studies by September 12, 2024; and

(c) I am neither employed by nor receiving compensation from clients in this case.

Date: September 19, 2024

Signature: *Natalie Geismar*
Natalie Geismar

**CONSENT OF SUPERVISING ATTORNEY**

I hereby certify that I am a member of the bar of the United States Court of Appeals for the Federal Circuit, and I assume professional responsibility for the work of Natalie Geismar as a law student intern; that I will assist the student to the extent necessary; and that I will appear with the student in all proceedings before the Court.

Date: September 19, 2024

Signature: /s/ Michael J. Wishnie
Michael J. Wishnie

**DEAN'S CERTIFICATION**

I hereby certify that Natalie Geismar has completed four semesters of work at Yale Law School by September 12, 2024, and possesses, to the best of my knowledge, good character and competent legal ability and is adequately trained to perform as a legal intern.

Date: September 16, 2024

Signature: Heather Gerken

Heather K. Gerken
Dean, Yale Law School

# Exhibit B

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

| | |
|---|---|
| TRANSGENDER AMERICAN VETERANS ASSOCIATION,<br>*Petitioner*.<br>v.<br>DENIS MCDONOUGH,<br>*Secretary of Veterans Affairs, Respondent.* | No. 24-1714<br><br>September 19, 2024 |

## CERTIFICATION OF LAW STUDENT

I hereby certify that:

(a) I, Romina Lilollari, am enrolled in good standing at Yale Law School;

(b) I have completed four semesters of credit in legal studies by September 12, 2024; and

(c) I am neither employed by nor receiving compensation from clients in this case.

Date: September 19, 2024

Signature: [signature]
Romina Lilollari

## CONSENT OF SUPERVISING ATTORNEY

I hereby certify that I am a member of the bar of the United States Court of Appeals for the Federal Circuit, and I assume professional responsibility for the work of Romina Lilollari as a law student intern; that I will assist the student to the extent necessary; and that I will appear with the student in all proceedings before the Court.

Date: September 19, 2024            Signature: /s/ Michael J. Wishnie
                                                                                 Michael J. Wishnie

**DEAN'S CERTIFICATION**

I hereby certify that Romina Lilollari has completed four semesters of work at Yale Law School by September 12, 2024 and possesses, to the best of my knowledge, good character and competent legal ability and is adequately trained to perform as a legal intern.

Date: September 16, 2024

Signature: /s/ Heather Gerken
Heather K. Gerken
Dean, Yale Law School

# Exhibit C

**CONSENT OF CLIENT**

I hereby consent to the appearance of Natalie Geismar and Romina Lilollari to provide legal service and appear in court or administrative tribunals for TAVA in the above-captioned matter under the supervision of Michael J. Wishnie.

Date: 09/12/2024

Signature: ____________________

Josie Caballero
Acting President,
Transgender American
Veterans Association